IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



RHIANNON V. PARSONS,

    Plaintiff

v.

NANCY A. BERRYHILL,

    Acting Commissioner,
    Social Security
    Administration,
    Defendant.

Civil No. 2:16-CV-743

## FINAL ORDER

This matter comes before the Court on Rhiannon V. Parsons' ("Plaintiff") Objections to Magistrate Judge Lawrence R. Leonard's Report and Recommendation ("R&R"). For the reasons herein, the Court: (1) **ACCEPTS** the R&R, ECF Nos. 17, 18; (2) **AFFIRMS** the decision of the Acting Commissioner of the Social Security Administration ("Defendant"); (3) **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 12; and (4) **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 14.

### I.    PROCEDURAL BACKGROUND

Plaintiff applied for Social Security Income ("SSI") on May 17, 2012, alleging disability as of April 20, 2011, caused by anemia, chronic urinary tract infections, bipolar disorder, panic /anxiety disorder, arrhythmia, and chronic pain in her hands, knees, and back. R. 21, 23, 77, 213.[1] The Commissioner denied Plaintiff's application at the initial level and the reconsideration level of administrative review. R. 112, 126. Plaintiff then requested a hearing by an

---

1.    Page citations are to the Certified Administrative Record filed under seal on March 2, 2017.

Administrative Law Judge (ALJ), which occurred on August 12, 2015. R. 42. That day, Plaintiff, her father, and a vocational expert testified by video before the ALJ. R. 42, 43.

On October 22, 2015, the ALJ denied Plaintiff's application. R. 18. Plaintiff timely requested reconsideration, but the Appeals Council denied Plaintiff's request because it found there was no error of law, substantial evidence supported the decision, and the case did not present a policy issue of public interest. R. 1. Therefore, the ALJ's decision stands as the final decision of the Commissioner for purposes of judicial review. See 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481 (2016).

Pursuant to 42 U.S.C. § 405(g), Plaintiff timely filed the instant action for judicial review of Defendant's final decision. ECF No. 3. This Court referred the matter to a United States Magistrate Judge on March 21, 2017. ECF No. 10. The next day, the Magistrate Judge ordered Plaintiff to file a motion for summary judgment, and ordered Defendant to respond and to cross-move for summary judgment if desired. ECF No. 11. Plaintiff filed her Motion for Summary Judgment on April 21, 2017. ECF No. 12. Defendant opposed Plaintiff's motion and filed her Motion for Summary Judgment on May 22, 2017. ECF No. 14. Judge Leonard issued his R&R with respect to the parties' opposing motions on January 22, 2018. ECF Nos. 17, 18. The R&R recommends that this Court DENY Plaintiff's Motion for Summary Judgment, AFFIRM the final decision of the Acting Commissioner of the Social Security Administration, and GRANT Defendant's Motion for Summary Judgment. ECF Nos. 17, 18. Plaintiff filed her objections to the R&R on February 7, 2018. ECF No. 19. Defendant responded February 21, 2018. ECF No. 20.

## II. FACTUAL BACKGROUND

The R&R thoroughly summarizes Plaintiff's background, work experience, medical history, and the Administrative Law Judge's ("ALJ") findings of fact and conclusions of law.

ECF No. 17 at 4-30. After a <u>de novo</u> review of the Administrative Record and the additional documents Plaintiff submitted with her Motion for Summary Judgment, this Court approves and adopts the R&R's factual background and its summary of the ALJ's findings of fact and conclusions of law.

With her objections to the R&R, Plaintiff also submitted medical records from two later appointments. ECF No. 19-1. First, Plaintiff submits a record titled Cardiology Outpatient Initial Visit Note from a December 26, 2017 visit with Dr. Luis Guzman. Dr. Guzman summarized Plaintiff's illness history, including her diagnoses for Ehlers-Danlos syndrome ("EDS"), Postural Orthopedic Tachycardia Syndrome ("POTS"), and Raynaud's phenomenon, ECF No. 19-1 at 1-2, which diagnoses the Magistrate Judge addressed in the R&R, ECF No. 17 at 23-24, 32-37. Dr. Guzman noted that Plaintiff was alert and oriented on her visit, she did not show signs of acute distress, was cooperative, appropriate in her mood and affect, but was "[v]ery tall and skinny." ECF No. 19-1 at 4. Dr. Guzman generally noted Plaintiff had a regular heartrate, no edema, normal valve sounds, and no abnormal murmur. Id. Nonetheless, in his physical examination notes Dr. Guzman recorded Plaintiff's heartrate at 52, and in his EKG notes Dr. Guzman recorded Plaintiff's heartrate at 43. Plaintiff highlights Dr. Guzman's summary that hear heartrate was "rather low," she experiences episodes of tachycardia that cannot be controlled, and if she has symptomatic bradycardia events from low heartrate he "might consider" a pacemaker. Id.

Next, Plaintiff submits a record titled Gastroenterology Initial Visit from a January 10, 2018 visit with Nurse Practitioner Ann Leggett. ECF No. 19-1 at 5. Nurse Leggett notes that Plaintiff had recently been diagnosed with diverticulitis and reported to the clinic for multiple GI complaints. Id. Those complaints included left-side pain "which is so severe at times that she

3

can't move," daily nausea, infrequent vomiting, constipation, diarrhea, intermittent trouble urinating, decreased appetite, and weight loss. Id. Nurse Leggett noted that Plaintiff's weight was her most concerning condition, at 108 lb with a BMI of 14.79. Id. at 8. Plaintiff highlights that Nurse Leggett "[e]mphasized that we have very little margin at this time given [Plaintiff's] current BMI. If her weight does not increase in the coming weeks, we will have to place a feeding tube." Id.

### III. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. The Court may reject perfunctory or rehashed objections to R&R's that amount to "a second opportunity to present the arguments already considered by the Magistrate-Judge." Gonzalez-Ramos v. Empresas Berrios, Inc., 360 F. Supp. 2d 373, 376 (D. Puerto Rico 2005); see Riddick v. Colvin, 2013 WL 1192984 *1 n.1 (E.D. Va., Mar. 21, 2013).

"Determination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); see also Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam). "The claimant has the burden of production and proof in Steps 1-4. At Step 5, however, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering h[er] age, education, and work experience." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam) (internal citation omitted) (internal quotation omitted). If a determination of disability can be made at any step, the

Commissioner need not analyze subsequent steps. Id. (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).

First, the claimant must demonstrate that she is not engaged in substantial gainful activity at the time of application. 20 C.F.R. § 404.1520(b). Second, the claimant must prove that she has "a severe impairment . . . which significantly limits . . . [her] physical or mental ability to do basic work activities." Id. § 404.1520(c). Third, if the claimant's impairment matches or equals an impairment listed in appendix one of the Act, and the impairment lasts—or is expected to last—for at least twelve months, then the claimant is disabled. Id. § 404.1520(d); see 20 C.F.R. pt. 404 subpart P app. 1 (listing impairments). If, however, the impairment does not meet one of those listed, then the ALJ must determine the claimant's residual functional capacity ("RFC"). The RFC is determined based on all medical or other evidence in the record of the claimant's case. Id. § 404.1520(e). Fourth, the claimant's RFC is compared with the "physical and mental demands of [the claimant's] past relevant work." Id. § 404.1520(f). If it is determined that the claimant cannot meet the demands of past relevant work then, fifth, the claimant's RFC and vocational factors are considered to determine if she can make an adjustment to other work. If the claimant cannot make such an adjustment, then she is disabled for purposes of the Act. Id. § 404.1520(g)(1).

The Court's review of this five-step inquiry is limited to determining whether: (1) the decision was supported by substantial evidence on the record; and (2) the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson, 434 F.3d at 65. "If the Commissioner's decision is not supported by substantial evidence in the record, or if the ALJ has made an error of law, the Court must reverse the decision." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). In deciding whether to uphold the Commissioner's final decision, the Court

considers the entire record, "including any new evidence that the Appeals Council 'specifically incorporated ... into the administrative record.'" Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (quoting Wilkins v. Sec'y, Dept. of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson, 434 F.3d at 650 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In performing its review, the court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." Hancock, 667 F.3d at 472 (quoting Johnson, 434 F.3d at 653). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id. (quoting Johnson, 434 F.3d at 653).

The Magistrate Judge also construed Plaintiff's Motion for Summary Judgment as a request to remand her case to the Commissioner based on new evidence. Courts may remand a case on the basis of new evidence if four prerequisites are met:

> (1) the evidence must be relevant to the determination of disability at the time the application(s) was first filed;
> (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her;
> (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and
> (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court.

Miller v. Barnhart, 64 F. App'x 858, 859-60 (4th Cir. 2003) (citing Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985)).

6

## IV. ANALYSIS

In her objection, Plaintiff states a number of reasons she "disagree[s]" with the R&R. In deference to Plaintiff's pro se status, the Court liberally construes her disagreements as objecting to the Magistrate Judge recommending against remanding Plaintiff's case based on her newly submitted medical records and as further objecting to the R&R's conclusion that the ALJ's decision was supported by substantial evidence. After a de novo review, the Court finds no error in the R&R, overrules Plaintiff's objections, approves the R&R, and adopts the R&R's recommended rulings.

### A. FIRST OBJECTION: THE MAGISTRATE JUDGE PROPERLY DECLINED REMAND ON THE BASIS OF NEW EVIDENCE

Plaintiff argues that genetic conditions caused her pre-hearing symptoms, although those conditions were not properly diagnosed until after the ALJ issued his decision. ECF No. 19 at 1-2, 7-9. Specifically, Plaintiff argues the government had "an obligation to change the outcome of the decision [because] the severity of the diseases/syndromes [was] misdiagnosed by the physicians because of a lack of knowledge or age discrimination" and Plaintiff now has "information that her symptoms at the time of the application were consistent with POTS/EDS/Reynaud's and Gastroperisous [sic] [which] were treated individually, not as a collected rare disease." ECF No. 19 at 7. Plaintiff submitted her additional medical records, including her genetic condition diagnoses, with her Motion for Summary Judgment, and submitted additional medical records with her Objections to the R&R. See ECF Nos. 12; 13; 19-1.

Plaintiff presented this argument before the Magistrate Judge in Plaintiff's Motion for Summary Judgment. See Letter Requesting Reconsideration, ECF No. 13 at 2. The Magistrate Judge reviewed this contention and rejected it. R&R, ECF No. 17 at 32-37. Plaintiff now seeks to

rehash her R&R arguments through general objections. The Court may reject such rehashed arguments. Gonzalez-Ramos v. Empresas Berrios, Inc., 360 F. Supp. 2d 373, 376 (D. Puerto Rico 2005); see Riddick v. Colvin, 2013 WL 1192984 at *1 n.1 (E.D. Va., Mar. 21, 2013). Nevertheless, the Court reviewed this objection de novo, considered whether the additional evidence submitted with Plaintiff's Motion for Summary Judgment warrants remand, find it does not, and adopts and approves the Magistrate Judge's findings and recommendation.

Similarly, this Court considered the two new medical records that Plaintiff attached to her objection. ECF No. 19-1. On their own, and cumulatively with the records Plaintiff submitted with her Motion for Summary Judgment, the new records are not material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him. Accordingly, Plaintiff is not entitled to remand on the basis of new evidence.

### B. SECOND OBJECTION: SUBSTANTIAL EVIDENCE SUPPORTED THE ALJ'S DECISION

Plaintiff's next set of arguments boil down to an assertion that the ALJ's decision was wrong, which this court liberally construes as an objection that the decision was not supported by substantial evidence. These arguments include (1) that Plaintiff's symptoms were being considered as separate entities and not as a combination of the multiple symptoms/manifestations involved in several bodily systems; (2) that Plaintiff's symptoms met Listing 5.08 thus rendering her presumptively disabled for weight loss caused by a digestive disorder; and (3) the ALJ improperly failed to order a consultative examination.

#### 1. The ALJ properly considered Plaintiff's conditions in combination

Plaintiff argues her "symptoms/manifestations are being looked at as separate entities and not as a combination of the multiple symptoms/manifestations involved in several bodily systems." ECF No. 19 at 1. Although Plaintiff did not necessarily receive diagnoses to explain

and link many of her symptoms until after the ALJ's decision, the record makes clear that the ALJ "consider[ed] the combined impact of [Plaintiff's] impairments." 20 C.F.R. § 416.923(c).[2]

The ALJ accounted for the combined impact of Plaintiff's impairments when he determined Plaintiff's Residual Functional Capacity. He discussed Plaintiff's treatment for her various functions and the evidence related to the overall impact on her functioning. R. 26-31. He also considered her activity level in finding Plaintiff did not have totally disabling limitations. R. 24, 30. Based on these things, he determined the combined impact of Plaintiff's impairments limited her to light work with no climbing of ladders, ropes, or scaffolds; no work around hazards, dangerous machinery, or unprotected heights; frequent stooping, kneeling, crouching, crawling and climbing of ramps and stairs; simple routine tasks; no more than occasional and superficial interaction with co-workers or the public; and no production rate pace as typically found on an assembly line or in piecework. R. 25.

Plaintiff's objection to the contrary is therefore overruled.

### 2.     Plaintiff did not demonstrate she met Listing 5.08

Plaintiff next argues she met the criteria for Listing 5.08. In order to show her impairments met a listed impairment, Plaintiff would need to "meet all of the specified medical criteria" for that impairment. Hardway v. Colvin, No. 2:14cv7339, 2015 WL 1057926, at *20 (S.D. W. Va. Mar. 10, 2015) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990)). Plaintiff

---

2.     Plaintiff provides the criteria for several systems related to "listings" established by the Social Security Administration to define circumstances in which an impairment reaches a level of severity such that an applicant is presumed disabled (the "Listings"). ECF No. 19 at 10-14. Although the Government construed Plaintiff's inclusion of these systems as an argument that Plaintiff met some Listing, the Court reads Plaintiff's objections as using the "collection of symptoms and the multiple systems that they affect" to "show that [her] symptoms overlap with multiple systems" in support of the argument that Plaintiff's symptoms were improperly viewed in isolation. Id. at 10. To the extent Plaintiff's objection could be construed as an argument that Plaintiff met one or more of the Listings, the Court finds Plaintiff failed to meet her burden for the reasons stated in the Government's brief. See ECF No. 20 at 14-18.

"bears the burden of production and proof at this step of the disability determination process." Id. (citing Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983). The ALJ must base his findings on "medical evidence consisting of signs, symptoms, and laboratory findings, not only [Plaintiff's] statement of symptoms." 20 C.F.R. § 416.908; see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). After de novo review, this Court finds the ALJ's determination was supported by substantial evidence.

Listing 5.08 provides that an applicant is presumed disabled where the applicant demonstrates:

> Weight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period.

Plaintiff provides a chart of 13 doctor's appointments at which Plaintiff's BMI was calculated at less than 17.50. ECF No. 19 at 4. Plaintiff indicates that several of the BMI calculations occurred more than 60 days apart, but within a consecutive 6-month period. Id.

Plaintiff does not, however, demonstrate that her weight loss was "due to any digestive disorder despite continuing treatment as prescribed." At best, Plaintiff cites several medical records that list gastroesophageal reflux disease ("GERD") as a diagnosis in Plaintiff's treatment records and quotes one treatment note that describes the GERD as "severe." ECF No. 19 at 5. But the record contains only two records of Plaintiff seeking treatment for GERD, each time based only on subjective complaints, and the record shows Plaintiff's GERD improved with treatment. Plaintiff therefore failed to meet her burden to show she met Listing 5.08.

### 3. The ALJ was not obligated to order a consultative examination

Plaintiff argues she would "like to know" why the ALJ did not have Plaintiff undergo a consultative examination although he said he was considering asking Plaintiff to do so. The Record shows that before ordering a consultative examination, the ALJ allowed Plaintiff's

attorney to contact one of Plaintiff's doctors to obtain additional information. R. 69. Plaintiff's counsel then contacted the relevant doctor and submitted the additional information. After receiving this information, the ALJ did not order a consultative examination. Accordingly, the ALJ fulfilled his obligation to "develop a reasonably complete record." Humphries v. Colvin, No. 3:15cv188, 2015 WL 9942619, at *6 (E.D. Va. Jan. 28, 2016). In doing so, he properly exercised his discretion to get the information he needed from Plaintiff's medical sources rather than order a consultative examination. See 20 C.F.R. § 416.919a.

Accordingly, after a de novo review, the Court finds that substantial evidence supported the ALJ's decision.

## V.     CONCLUSION

Having reviewed Plaintiff's objection de novo, the Court: (1) **ACCEPTS** the R&R, ECF Nos. 17, 18; (2) **AFFIRMS** the decision of the Commissioner of the Social Security Administration; (3) **DENIES** Plaintiff's Motion for Summary Judgment, ECF Nos. 12, 13; and (4) **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 14.

Plaintiff is **ADVISED** that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to enter judgment in favor of defendant and to forward a copy of this Order to Plaintiff and all Counsel of Record.

IT IS SO ORDERED.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 26, 2018